# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**VPN.COM LLC,**

     **Plaintiff,**

**v.**

**GEORGE DIKIAN,**

     **Defendant.**

_____/

CASE NO: 8:23mc 15 JSM-TGW

**[Central District of California Case No. 2:22-cv-04453-AB-MAR]**

FILED 2023 JUN -2 AM 7:08 CLERK US DISTRICT COURT DISTRICT OF FLORIDA TAMPA FLORIDA

## DEFENDANT'S MOTION FOR TRANSFER OF MOTION TO QUASH SUBPOENA

Defendant, pursuant to FRCP 45(f), hereby moves to quash the subpoena (the "Subpoena") attached as Exhibit A to the Declaration of Jonathan Frost, submitted herewith. Defendant objects to the Subpoena as overbroad and harassing, not relevant or proportional to the issues in this case, and seeking private trade secret and financial information of the Defendant. Defendant seeks to have the Subpoena quashed.

Plaintiff filed this case in the Central District of California, and issued the Subpoena from that court. Both Plaintiff and Bodis have consented to transfer this motion to that court. Therefore, Defendant respectfully requests that this court transfer this motion to the Central District of California.

TRA-68639 $49.00

1

## Factual Background

Defendant George Dikian is the professional alias of an internet entrepreneur in the business of investing in domain names, selling domain names, and monetizing a portfolio of domain names. Plaintiff VPN.com LLC purports to be a broker of domain names, and alleges that Defendant defrauded Plaintiff by agreeing to the sale of the 89.com domain name, accepting a down payment in bitcoin, and refusing to transfer that domain name.

Bodis, LLC, the recipient of the Subpoena, is in the business of assisting domain name owners in monetizing their domain name portfolios by serving advertisements at websites resolving at the domain names, collecting revenue from the advertisers, and sharing that revenue with the domain owner. Bodis has had nothing to do with any of the transactions alleged by Plaintiff in this case.

## Legal Discussion

## This Motion Should Be Transferred to the Court of the Underlying Action Because Bodis, LLC  and Plaintiff have Consented

Rule 45(f) of the Federal Rules of Civil Procedure states:

> TRANSFERRING A SUBPOENA-RELATED MOTION. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

*See also* Fed. R. Civ. P. 45, Committee Notes on Rules (2013) ("In new Rule

45(f) ... consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court."); *In re Daimler Truck N. Am., LLC*, No. CV 23-MC-90-RGA-SRF, 2023 WL 2456069, at *2 (D. Del. Mar. 10, 2023) ("consent [of the target of the subpoena] is sufficient to warrant transfer", even without further evidence).

In this case, counsel for Bodis, LLC has provided express consent to transfer this motion to the Central District of California. (Frost Decl., Exhibit B). Pursuant to the Federal Rules and *Daimler Truck*, the consent of the Bodis LLC is sufficient for this court to transfer the Subpoena to the Central District of California. Additionally, Plaintiff's counsel has also expressly consented to the transfer of this motion to the Central District of California. (Frost Decl., #5). Therefore, Defendant respectfully requests this court to transfer this motion to that court.

## The Plaintiff's Subpoena to Bodis Should Be Quashed

The Subpoena requested the following documents from Bodis:

1. Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to any Account of or Relating to the domain name <89.com>.

2. Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to any Account of or Relating to the domain name <490.com>.

3. Any and All Account Information, Transaction Information,

Communications, and Documents for or Relating to any Account of or Relating to the domain name <550.com>.

4. Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to any Account of or Relating to the individual George Dikian or to any entity that is associated with or Relating to the individual George Dikian.

5. Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to any Account of or Relating to the individual named Qiang Du or to any entity that is associated with or Relating to the individual Qiang Du.

6. Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to any Account of or Relating to the individual named [REDACTED FOR PRIVACY] or to any entity that is associated with or Relating to the individual [REDACTED FOR PRIVACY].

## **The Subpoena Must Be Quashed Because It Is Entirely Overbroad**

Plaintiff's Subpoena is the epitome of a facially overbroad and harassing discovery request. Plaintiff's Requests generally seek "Any and All Account Information, Transaction Information, Communications, and Documents for or Relating to" the Defendant and three of his valuable domain name properties -- without regard to the relevance of any such information to Plaintiff's claim against the Defendant. The requests are entirely untethered to the allegations of the Plaintiff's Complaint, and are unlimited as to time period or scope.

Courts typically hold that such overbreadth in a discovery request constitutes independent and sufficient grounds to quash the subpoena. *See, e.g., Henry v.*

*Morgan's Hotel Grp., Inc.*, 2016 U.S. Dist. LEXIS 8406 (S.D.N.Y. Jan. 25, 2016)

(quashing as overbroad a subpoena commanding previous employer to produce

"[a]ll documents and communications ... referring or relating to [plaintiff]

including but not limited to personnel files, disciplinary files, and any other

employment documents or records"); *Franzon v. Massena Mem. Hosp.*, 189 F.R.D.

220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and

all documents" without limitations is overbroad).

The Subpoena at issue here is at least as broad as those found improper in

the cases cited above. The Subpoena effectively commands Bodis to produce

every single document that may be even remotely related to Defendant or to three

of his valuable domain name properties. But Bodis' monetization services have

nothing whatsoever to do with Plaintiff's claim against Defendant. Bodis is not

alleged to have had any involvement with any of the transactions that Plaintiff

alleges to have occurred. This motion should therefore be granted because the

Subpoena is facially overbroad.

The scope of allowable discovery via Rule 45 subpoena is the same as the

scope of discovery from a party under Rule 26(b) and Rule 34. *E.g.,*

*Intermarine, LLC v. Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D.

Cal. 2015). As such, a court must examine whether a request contained in a

subpoena is overly broad or seeks irrelevant information under the same standards

set forth in Rule 26(b).  "Although irrelevance is not among the litany of

enumerated reasons for quashing a subpoena found in Rule 45, courts have

incorporated relevance as a factor when determining motions to quash a

subpoena." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005)

(*citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D.

658, 662 (D. Kan. Jan. 23, 2003)).  Because scope of discovery under a subpoena

is identical to the standards in Rule 26(b), "the court must examine whether a

request contained in a subpoena is overly broad and seeks irrelevant

information." *Goodyear Tire*, 211 F.R.D. at 662.

Moreover, Rule 26(b)(1) was amended in December, 2015 to narrow the

scope of information that may be obtained in discovery under the new rules.

Matter is discoverable only if it is "proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit."  The

amendment came out of a lengthy process centered on the Guidelines and

Suggested Practices for implementing the 2015 Discovery Amendments to

Achieve Proportionality.  *See, e.g., Henry v. Morgan's Hotel Grp., Inc.*, 2016 U.S.

Dist. LEXIS 8406, *9 (S.D.N.Y. Jan. 25, 2016) (holding that the amended Rule is

intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information." (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment)).

In *Stevens v. Keystone Automotive Industries*, Case No. 5:15-cv-00204-RH-GRJ, ECF No. 32 (N.D. Fla. Feb. 5, 2016), the employer sought two full years of the plaintiff's phone records, though the plaintiff had been employed by the defendant less than one year. The court, citing the newly amended Rule 26(b)(1), held that "the subpoena for these telephone records is not proportional to the needs of the case, particularly in light of the records' likely insignificance in resolving the issues. For this reason and also based on the privacy implications, I find good cause exists to forbid discovery of the subpoenaed telephone records."

Nowhere in the litigation has it been alleged that Bodis' services to Defendant have any relationship to Plaintiff's fraud allegations against the Defendant. The requested information has no apparent relevance to VPN's claims against Defendant. Instead, the subpoena seeks irrelevant financial and business information which is sensitive to Defendant, and has no bearing whatsoever to the Plaintiff's lawsuit. Therefore, the Subpoena must be quashed. *See, e.g., Dobson v. Twin City Fire Ins. Co.*, No. SACV 11-0192-DOC, 2011 WL 6288103, at *3 (C.D. Cal. Dec. 14, 2011) ("Plaintiffs fail to explain how this information is necessary to

prepare the case for trial. Thus, the Court does not reach whether injury to

Defendants caused by disclosure outweighs Plaintiffs' need for the information.")

## The Subpoena Must Be Quashed Because It Seeks Trade Secret Information

Fed.R.Civ.P. Rule 45(c)(3)(B)(i) states that the court may quash or modify

the subpoena if it would result in disclosure of a trade secret or other confidential

research, development, or commercial information.  Trade secrets are defined as

information, including a formula, pattern, compilation, program, device, method,

technique, or process that (1) derives independent economic value, actual or

potential, from not being generally known to, and not being readily ascertainable

by proper means by, other persons who can obtain economic value from its

disclosure or use and (2) are the subject of efforts that are reasonable under the

circumstances to maintain its secrecy.  Cal. Civ. Code § 3426.1(d).

Here, Defendant is a direct competitor of Plaintiff insofar as both parties

maintain valuable domain name portfolios and seek to monetize those domain

name properties and to sell their domain names to third parties.  Disclosure of

information sought by the Subpoena would allow Plaintiff to receive a competitive

advantage over Defendant which would be detrimental to Defendant.

The Subpoena seeks trade secret financial information concerning

Defendant's business, including the amount and composition of traffic to those

properties, the advertisers paying to place ads at websites resolving from those

properties, the amount and value of the ad placements, and the income derived from those properties. VPN's position as a domain investor and broker places it in a situation to use such trade secret information for Plaintiff's sole economic benefit, and also against Defendant in future business dealings. Such information is not known to anyone but Defendant and Bodis, and is maintained confidentially by Bodis on Defendant's behalf.

Therefore, the information consists of Defendant's trade secrets. Plaintiff cannot show either relevance or need for this information, and thus it is not discoverable by Plaintiff.[1] *E.g., Hartley Pen Co. v. United States District Court*, 287 F.2d 324, 331 (9th Cir. 1961) ("We believe that the requirements of relevance and necessity must be established where disclosure of a trade secret is sought ..., and that the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure.")

## Conclusion

Based upon these facts and authorities, Plaintiff requests that the Subpoena

---

[1] *See also, Waymo LLC v. Uber Techs., Inc.*, Case No.17-cv-00939-WHA (JSC), at *2-3 (N.D. Cal. Aug. 18, 2017) ("While the information could be produced subject to an attorneys-eyes-only protective order, such orders do not guarantee that the information will not be disclosed. Thus, there is no rule that a competitor has to reveal its trade secrets merely because they are produced subject to a protective order.")

be quashed in its entirety.

Respectfully submitted,

/s/ Jonathan Frost
Florida Bar No. 1022324
California Bar No. 273189
RODENBAUGH LAW
548 Market St., Box 55819
San Francisco, CA 94104
jonathan@rodenbaugh.com
(954) 740-2675

## **CERTIFICATE OF CONFERRAL**

Defendant, through counsel, has conferred with counsel for Plaintiff in an

attempt to resolve the issues in this motion, without success.

Respectfully submitted,

/s/ Jonathan Frost
Florida Bar No. 1022324
California Bar No. 273189
RODENBAUGH LAW
548 Market St., Box 55819
San Francisco, CA 94104
jonathan@rodenbaugh.com
(954) 740-2675

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served upon Plaintiff's counsel, by email as per prior agreement.

/s/ Jonathan Frost
Florida Bar No. 1022324

California Bar No. 273189
RODENBAUGH LAW
548 Market St., Box 55819
San Francisco, CA 94104
jonathan@rodenbaugh.com
(954) 740-2675