Ji-In Lee Houck (SBN 280088)
*jiin@houckfirm.com*
**THE HOUCK FIRM**
16501 Ventura Blvd, Suite 400-199
Encino, CA 91436
Tel: (888) 446-8257

Brett Lewis, Esq. (*pro hac vice* in underlying case)
*Brett@iLawco.com*
Michael Cilento, Esq. (*pro hac vice* in underlying case)
*Michael@iLawco.com*
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for VPN.COM LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VPN.COM LLC,<br>　　　　*Plaintiff*,<br><br>　　vs.<br><br>GEORGE DIKIAN, et al.<br>　　　　*Defendant*. | Case No: 2:23-mc-0087-SPG-KS<br><br>Underlying Case No:<br>2:22-cv-04453-AB-MAR<br><br>**VPN.COM LLC'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA** |

Plaintiff VPN.com LLC ("VPN"), by and through undersigned counsel, hereby submits this opposition to the Motion to Quash Subpoena (ECF 1, "Motion") submitted by Defendant George Dikian ("Defendant" or "Dikian") as to the subpoena for documents served by VPN on third-party Bodis, LLC ("Bodis").

**Preliminary Statement**

Defendant does not present any serious or legitimate argument to quash the subpoena issued by VPN to third-party Bodis. Defendant's argument mainly relies on the improper objections that the subpoena is "overbroad" and "irrelevant." Defendant, however, does not have standing to make those objections, since the subpoena was not directed to Defendant but to a third party. But even if Defendant did have standing to present such arguments, the subpoena is not irrelevant or overbroad, it is narrow and tailored, with appropriate timeframes, which correspond with the time frame of the allegations in the Complaint. Defendant's remaining argument that the Motion should be granted to prevent disclosure of Defendant's "trade secrets" is simply nonsensical since again the subpoena is not even directed to Defendant but to a third-party completely unrelated to Defendant. Moreover, Defendant does not present any legal or factual argument to suggest the subpoena requests *trade*

*secrets*, providing only attorney conjecture and improperly designating broad categories of information as trade secrets. The Motion should be denied.

## Argument

### 1. Relevant Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

Relevance under Rule 26(b)(1) is defined broadly. *See Tater v. City of Huntington Beach*, No. 820CV01772JVSJDEX, 2021 WL 4735015, at *1 (C.D. Cal. June 7, 2021). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Rule 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

1 Generally, "a party has no standing to quash a subpoena served upon a
2 third party, except as to claims of privilege relating to the documents being
3 sought." *Tater*, 2021 WL 4735015 at *2 (quoting *Cal. Sportfishing Prot. All. v.*
4 *Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *Crispin v.*
5 *Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010)
6 ("Ordinarily a party has no standing to seek to quash a subpoena issued to
7 someone who is not a party to the action, unless the objecting party claims some
8 personal right or privilege with regard to the documents sought." (quoting
9 Charles Wright & Arthur Miller, 9A Federal Practice & Procedure, § 2459 (3d
10 ed. 2008))). A party therefore generally lacks standing to object to a subpoena
11 served on a third party on grounds of relevance or undue burden. *See Krenitsky*
12 *v. Kirsch*, 2020 WL 5017270, at *1 (E.D. Cal. Aug. 25, 2020); *Bureau of*
13 *Consumer Fin. Prot. v. Certified Forensic Loan Auditors*, LLC, 2020 WL
14 1181491, at *1 (C.D. Cal. Mar. 9, 2020).
15 A party seeking to limit discovery has a "heavy burden" of showing why
16 discovery should be limited. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429
17 (9th Cir. 1975). "'Broad allegations of harm, unsubstantiated by specific
18 examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Fausto v.*
19 *Credigy Servs. Corp.*, 251 F.R.D. 436, 437 (N.D. Cal. 2008) (quoting *Beckman*
20 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). The party who
21

1 resists discovery has the burden to show that discovery should not be allowed,
2 and has the burden of clarifying, explaining, and supporting its objections."
3 *DIRECTV. Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citations
4 omnitted). "[G]eneral or boilerplate objections such as 'overly burdensome and
5 harassing' are improper—especially when a party fails to submit any
6 evidentiary declarations supporting such objections." *A. Farber & Partners,*
7 *Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing Paulsen v. Case
8 Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996)).

   **2. Defendant Lacks Standing To Challenge Scope or Relevance**

10 Here, Defendant does not have standing to move to quash the subpoenas
11 served on third-party Bodis on the proffered bases that the subpoena is
12 "overbroad" or "irrelevant." *See* Motion, ECF 1 at pp. 4-7; *see also Tater*, 2021
13 WL 4735015 at *2; *Crispin,* 717 F. Supp. 2d 973-74; *Lee v. Lee*, 2020 WL
14 7890868, at *5 (C.D. Cal. Oct. 1, 2020) ("[O]nly the party to which the
15 subpoena is directed has standing to object to the requests on the grounds that
16 they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc.");
17 *Davis v. Kelly Servs., Inc.*, 2017 WL 10562943, at *3 (C.D. Cal. July 12, 2017)
18 (noting that Rule 45 "does not generally allow for objection by a party who may
19 be impacted by the production of documents from a third party" (citing *Crispin*,
20 717 F. Supp. 2d at 973-74)). Bodis did not serve any objection to the subpoena,
21

1 file a motion to quash, or move for a protective order with regard to the

2 Subpoena. Defendant also did not move for a protective order with regard to the

3 Subpoena. Accordingly, the Court should not reject Defendant's arguments

4 related to relevancy and overbreadth for lack of standing.

5 **3. <u>Subpoena, In Any Event, Is Not Overly Broad Or Irrelevant</u>**

6 Assuming arguendo, however, that Defendant did have standing to challenge

7 relevancy and overbreadth, such arguments are nonetheless meritless because

8 the Subpoena is narrowly tailored and properly limited in its timeframes. *See*

9 ECF 2-1 ("Subpoena") at pp. 5-6. Contrary to Defendant's argument in the

10 Motion at p. 4, the requests are not "unlimited as to time period or scope."

11 As to time, the requests specifically state that "responses and production of

12 Transaction Information, Communications, or Documents shall be limited to a

13 time period of January 1, 2020 – until the present day." Subpoena at p. 6,

14 instruction xvi. Defendant, himself, contends that third parties attempted to gain

15 unauthorized access to his Yahoo email account in 2020, and that such attacks

16 continued for over two years – as such, a time period of January 1, 2020 to the

17 present is reasonable. While "Account Information" is not limited in time, that

18 is because account information is generally collected at the time an account is

19 first registered; not knowing when that occurred, the request for account

20 information cannot be limited in time.

21

1   As to scope, the Subpoena asks for information related to only three domain
2   names and three individuals, all of which are directly named in the Complaint.
3   *See* ECF 1 in Case 2:22-cv-04453 at pp. 1, 4, 20. The gist of the Complaint is
4   that Defendant defrauded Plaintiff with regards to two domain name
5   transactions, and those transactions included the domains as requested in the
6   Subpoena. *Id.* The individuals listed in the Subpoena are the named defendants
7   in the action. *Id.* The information sought from Bodis is relevant to the claims of
8   Fraud and RICO since it relates to the exact individuals and exact domain
9   names as alleged in the Complaint.
10   In any event, Defendant does not meet its "heavy burden" of showing why
11   the Subpoena should be limited. *Blankenship*, 519 F.2d 429 (9th Cir. 1975).
12   Defendant does not attach any sworn statement from any individual with
13   personal knowledge of the facts. Defendant relies simply on attorney conjecture
14   without specifically addressing why the Subpoena should be limited. *See A.*
15   *Farber & Partners, Inc,.* 234 F.R.D at 188 ("[G]eneral or boilerplate objections
16   such as 'overly burdensome and harassing' are improper—especially when a
17   party fails to submit any evidentiary declarations supporting such objections."
18   (citing *Paulsen*,168 F.R.D. at 289)).

1 Because Defendant has failed to meet its heavy burden, and because the

2 Subpoena in any event seeks relevant information and is appropriately tailored

3 in both scope and time, the Motion should be denied.

4 **4. <u>Subpoena Does Not Seek Trade Secrets of Defendant</u>**

5 Defendant's remaining argument that the Subpoena should be quashed

6 because it seeks Defendant's trade secrets is similarly without merit. Initially,

7 the Court should recognize the brazenness of such an argument considering the

8 Subpoena is directed to a third-party, completely unrelated to Defendant. For a

9 trade secret to exist, there must be *secrecy*, but Defendant asserts that its trade

10 secrets are in the hands of a third party. Although this, alone, is enough to

11 defeat a claim that secrecy was employed to protect alleged trade secrets,

12 Defendant offers no evidence that Bodis entered into a confidentiality

13 agreement to protect designated trade secrets from disclosure – and does not

14 even allege that any such agreement exists. Nor does Defendant even allege

15 how it maintains the confidentiality of such purported trade secrets. *See, e.g.,*

16 *Geritrex Corp. v. Dermarite Indus., LLC*, 910 F.Supp. 955, 961 (S.D.N.Y.1996)

17 ("Plaintiff must show that it took substantial measures to protect the secret

18 nature of its information.").

19 Similarly, Defendant provides no specificity as to any alleged trade secrets

20 that third party Bodis maintains other than general allegations that the Subpoena

21

1  seeks "trade secret financial information concerning Defendant's business,
2  including" ad traffic and identity of advertisers on the websites of Defendant's
3  domain names. *See* Motion at 8. But such general allegations are too vague to
4  be considered trade secrets. S*ee Loop AI Labs, Inc. v. Gatti*, 195 F.Supp.3d
5  1107, 1116 (N.D. Cal. 2016) ("The use of 'catch-all' descriptions such as
6  'including' has been rejected as 'so vague and unspecific as to constitute no
7  disclosure at all since Defendants cannot ascertain at least the boundaries of the
8  alleged trade secrets.'" (quoting *Computer Economics, Inc. v. Gartner Grp.*,
9  Inc., 50 F.Supp.2d 980, 984 (S.D. Cal. 1999) (citation omitted in original)).
10     Nor does Defendant provide a declaration specifying what those trade
11 secrets actually are, or how their disclosure would impact Defendant. *See*
12 *DIRECTV. Inc.,* 209 F.R.D. at 458 ("the party who resists discovery has the
13 burden to show that discovery should not be allowed, and has the burden of
14 clarifying, explaining, and supporting its objections."); *see also A. Farber &*
15 *Partners, Inc* 234 F.R.D at 188 ("[G]eneral or boilerplate objections such as
16 'overly burdensome and harassing' are improper—especially when a party fails
17 to submit any evidentiary declarations supporting such objections.").
18     Moreover, the Subpoena seeks information not only about Defendant, but
19 other individuals as well, and other domain names. Defendant does not even
20 specify what parts of the Subpoena it seeks to have quashed, or why its
21

arguments concerning the protection of its alleged trade secrets would apply to information about such other individuals and domain names.

Finally, Defendant fails to mention the valid protective order that was issued in the underlying case, which allows for the parties to designate confidential information received from third parties as Confidential. If Defendant is concerned about the disclosure of confidential information, Defendant already has a less drastic alternative to protect its information through the protective order. *See* ECF 41, 2:22-cv-04453-AB-MAR.

## Conclusion

For all the foregoing reasons, the Motion should be denied in its entirety.

Dated: July 7, 2023         Respectfully Submitted:


**THE HOUCK FIRM**

  /s/ Ji-In Lee Houck
JI-IN LEE HOUCK (SBN 280088)

*Attorneys for VPN.COM LLC*

**LEWIS & LIN, LLC**
Brett E. Lewis (*proc hac vice* in underlying case)
Michael D. Cilento (*proc hac vice* in underlying case)