Michael L. Rodenbaugh (SBN 179059)
Jonathan Frost (SBN 273189)
RODENBAUGH LAW
548 Market Street – Box 55819
San Francisco, California 94104
Phone: (415) 738-8087
Email:  mike@rodenbaugh.com

*Attorneys for Defendant
sued as George Dikian*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPN.COM LLC,<br>　　　　　*Plaintiff*,<br>　vs.<br>GEORGE DIKIAN et al.<br>　　　　　*Defendants*. | CASE NO. 2:23-mc-00087-SPG-KS<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENA** |

Defendant hereby submits is Reply in Support of Defendant's Motion to Quash Subpoena to Bodis LLC.  Bodis is a third party provider of domain name monetization services, such as advertising, in connection with Defendant's domain name properties.  (Dikian Decl., filed herewith, #2).  Bodis has absolutely nothing to do with domain name sales transactions such as those alleged by Plaintiff in this case.  *Id.*  Plaintiff makes no allegation otherwise, and makes no allegation whatsoever of any need for the confidential commercial information exchanged between Defendant and Bodis, which includes "banking information" as well as Defendant's property monetization strategies and revenues earned therefrom.

### 1. **Defendant Has Standing for a Protective Order which Effectively Quashes the Subpoena**

Courts often hold that a Motion to Quash, when brought by a party, is equivalent to a Motion for a Protective Order governed by Rule 26.  *E.g., Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (court "deems defendant's motions to quash as, in the alternative, motions for a protective order, and will evaluate the motions according to the standard enunciated in Rule 26, including whether the information sought is relevant to any claims or defenses raised in this case"); *Silcox v. AN/PF Acquisitions Corp.*, No. C17-1131 RSM, at *5 (W.D. Wash. Mar. 29, 2018) ("Third-party subpoenas issued pursuant to Rule 45 are still subject to the limitations of Rule 26.") (*citing, e.g., In Re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) ("A non-party witness is subject to the same scope of discovery under Rule 45 as a party is under Rule 34."); *In re Remec, Inc. Securities Litigation*, No. 04cv1948 JLS (AJB), at *2 (S.D. Cal. May 30, 2008) ("party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information").

The *Remec* court further stated, "[s]everal Courts within the Ninth Circuit, including the Southern District of California, have recognized this sound principle of law. " *In re Remec,* No. 04cv1948 JLS (AJB), at *2-3 (citing three cases at fn.2). Plaintiff cites to a case which confirms that a party may object to a subpoena on the basis of a protective order.  *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) ("The court therefore finds that Crispin had standing to bring a motion to quash."); *see also, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) (quashing Rule 45 subpoena upon defendants' written objection).

Treatment as a motion for a protective order is particularly appropriate here, where the Defendant's arguments are based in large part on Rule 26. (*E.g.,* Motion

to Quash, pg. 6). Plaintiff's standing argument amounts to semantics over substance. Defendant has standing to obtain a protective order which in effect would quash the subpoena.

## 2. The Subpoena Is Overbroad, Seeking Irrelevant Valuable Commercial Confidential Information and Trade Secrets

"After the 2015 amendments to Rule 26, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends." In this case already, Plaintiff has issued subpoenas seeking private information about Defendant, including financial records, from his email providers Yahoo!, Microsoft and AT&T, from his domain name registrar Tucows, and from his domain escrow company Escrow.com. Defendant has not objected to any of that, as those companies have some reasonable relationship to the allegations of the Complaint. With the subpoena to Bodis, however, the Plaintiff goes much too far, without any explanation of relevance or need.

Bodis had absolutely nothing to do with any of the transactions alleged in the Complaint. Plaintiff is fishing for valuable confidential information which would benefit Plaintiff commercially, as explained in the Motion (pp. 7-9) and further herein. Plaintiff's only purported explanation of alleged relevance is one conclusory sentence: "The information sought from Bodis is relevant to the claims of Fraud and RICO since it relates to the exact individuals and exact domain names as alleged in the Complaint." (Opp., p.7). Plaintiff does not, and cannot, even begin to explain how Defendant's monetization strategies and revenues from selling advertising on his domain names is even remotely relevant to the alleged fraudulent domain name sales transactions at issue in the case.

Because the subpoena seeks confidential commercial information, the burden shifts to Plaintiff to justify the request:

> Rule 45(d)(3)(B)(i) also permits the Court to quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information.  Once the nonparty shows that the requested information is a trade secret or confidential commercial information, the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship'…

*E.g., Subpoena of DJO, LLC v. Hunter*, 295 F.R.D. 494, 497 (S.D. Cal. 2014). Trade secret or commercially sensitive information must be "important proprietary information" and the party challenging the subpoena must show "that it has historically sought to maintain the confidentiality of this information." *Id., citing and quoting Compaq Computer Corp. v. Packard Bell Elecs.,* 163 F.R.D. 329, 338 (N.D. Cal. 1995).  Plaintiff has made no effort to demonstrate any need whatsoever for the requested information from Bodis, much less any substantial need that could possibly override Defendant's personal rights in this sensitive commercial information.

    Herewith, Defendant declares that he has always maintained confidentiality of his monetization strategies and revenues earned from Bodis, and indeed has never disclosed it to anyone other than professional advisors. (Dikian Decl., #3). He declares that this information is among his most valuable trade secrets relating to his domain name investment and sales business. (*Id.*, #4).  Moreover, Defendant declares that such information is particularly valuable to companies like Plaintiff, which also owns valuable domain names (like Defendant) for purposes of monetizing and selling those domain names (like Defendant). (*Id.*, #5).  It is also particularly important for Plaintiff's brokerage business, as it can be used to assist in valuation and negotiation not only as to Defendant's properties, but as to third parties' analogous domain properties. (*Id.*, #6).

    Plaintiff is simply using the fact of this litigation to fish for valuable commercial information that it could never otherwise obtain, without citing any

reason whatsoever to need that information for purposes of this case. Plaintiff seeks, via third party subpoena, the "banking information" for the Defendant, along with all of Defendant's businesses "Transactional Information" in the possession of Bodis LLC. Plaintiff makes a facially absurd argument that "banking information", along with all of Defendant's transactional information at Bodis, is not commercially confidential. Plaintiff is a competitor of Defendant, and as a broker in the industry, represents a variety of other competitors of the Plaintiff. Disclosure of Defendant's commercial information to such a competitor would visit a substantial injury on the Defendant. Plaintiff does not address this argument in its Opposition, and thus concedes that it would commercially benefit from disclosure of Defendant's trade secret information.

Nowhere has the Plaintiff alleged a substantial need for -- or even remote relevance of -- the information in the Bodis subpoena. (Opposition, *seriatim*). Thus, Plaintiff has not met its burden to show a substantial need for the confidential commercial information, such as the banking and transactional information requested by the Bodis subpoena.

Plaintiff alleges that "Defendant offers no evidence that Bodis entered into a confidentiality agreement to protect designated trade secrets from disclosure – and does not even allege that any such agreement exists." (Opp., p.8). However, Bodis' Terms of Service expressly requires Defendant to "warrant that, except as expressly permitted, you shall not share, disseminate, or otherwise exploit any information provided to you by or on behalf of Company with any third party." (Dikian Decl., Exh. A, Sec. 7 ("Basically … Any communication from Bodis is to be treated as confidential.")). Moreover, Bodis' Privacy Policy promises to Plaintiff: "We do not share your personal information with third parties." (*Id.*, Exh. B, Sec. 9). That is incontrovertible proof that both Defendant and Plaintiff consider this commercial information to be confidential.

Plaintiff further argues that the subpoena also seeks information about "other individuals as well, and other domain names." (Opp. p.9-10). But Plaintiff makes no allegation as to how such information could be relevant, or why Plaintiff needs it in this case. Obviously, it is even less relevant than the information sought which relates to Defendant and his properties. But it potentially has equal value to Plaintiff, and thus further demonstrates how Plaintiff is only fishing for valuable commercial information, even as to non-parties in the case, which is of commercial benefit to Plaintiff but has no relationship whatsoever to Plaintiff's claims in this lawsuit.

### 3. Conclusion

Because Plaintiff cannot explain the relevance of -- or any legitimate need for – the broad disclosure of Defendant's confidential and valuable commercial information from Bodis, the subpoena must be quashed and/or a protective order much be entered which effectively quashes the subpoena.

RESPECTFULLY SUBMITTED,

DATED: JULY 14, 2023          MIKE RODENBAUGH
                              RODENBAUGH LAW

                              By: /s/ Mike Rodenbaugh
                                  Mike Rodenbaugh (SBN 179059)

                                  *Attorneys for Defendant
                                  sued as George Dikian*